IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )      Case No. 22-cr-30065 |
| | )<br>) |
| RANDI LEWIS,<br>    Defendant. | )<br>) |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Randi Lewis's *pro se* Motion for Early Termination of Supervised Release. (Doc. 31). On August 18, 2023, Lewis pled guilty to four counts of wire fraud. On April 25, 2024, she was sentenced to a term of one day imprisonment, and a two-year term of supervised release, which included two months of home confinement. On April 25, 2025, Lewis filed her Motion for Early Termination of Supervised Release, and several character letters in support of the Motion to which the Government objected to on May 9, 2025.

I.   **DISCUSSION**

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," it finds that early termination is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3553 factors that the court shall consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;
3. The need for the sentence imposed to protect the public from further crimes of the defendant;
4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. The applicable sentencing range;
6. Any pertinent policy statement;
7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553. The Court possesses wide discretion in making this determination. *See United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have held that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision. *United States v. Taylor*, 729 Fed. App'x 474, 475 (7th Cir. 2018), *citing* 18 U.S.C. § 3553(e). Instead, courts have generally granted early termination only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. *See, e.g., United States v. Branscumb*, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019); *United States v. O'Hara*, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011); *United States v. Jemison*, 2021 WL 71957, at *3 (C.D. Ill. Jan. 8, 2021).

Lewis meets two of the three factors which allows the Court to exercise its discretion to terminate supervised release early because she has served at least one year of supervision, and the government was given notice and an opportunity to be heard. 18 U.S.C. § 3583(e)(1); Fed. R. Crim. Pro. 32.1(c)(2)(c).

The Court has considered the pertinent § 3553(a) factors and conduct of the Defendant. 18 U.S.C. § 3583(e)(1). During the commission of this offense, Lewis obtained two separate Paycheck Protection Program (PPP) loans by submitting fraudulent documentation for her non-existent business, including false tax documents. As a result, she was approved for two PPP loans totaling $41,666. The PPP loans were intended to aid small businesses affected by the COVID-19 pandemic. By fraudulently obtaining those loans, Lewis inevitably caused those funds to be diverted from legitimate small businesses.

Lewis has served only one year of her two-year term of supervised release. She has started therapy, enrolled in nursing school, maintained employment, and has had no violations during her term of supervised release. However, she has an outstanding restitution balance of $38,050.72. Although her progress is commendable, early termination at this point would not protect the public, deter future law violations, or provide for Lewis's rehabilitative needs.

Therefore, the early termination of Lewis's supervised release is not in the interest of justice, in accordance with the requirements of 18 U.S.C. § 3583(e)(1). Accordingly, Lewis's *pro se* Motion for Early Termination of Supervised Release is DENIED. (Doc. 31).

ENTER: June 20, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE